PENACHIO MALARA LLP
Counsel for the Debtor
245 Main Street
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:                                            :        CHAPTER 11

    STRATIS CORP. d/b/a
    CASA RINA OF THORNWOOD                :
                                                           Case No.:
              Debtor.              :        18-23497 (RDD)

----------------------------------------X


**SMALL BUSINESS PLAN**
**PROPOSED BY THE DEBOTR AND TOMMY STRATEGAKIS**




PENACHIO MALARA LLP
245 Main Street
Suite 450
White Plains, NY   10601
(914) 946-2889

## PLAN OF REORGANIZATION

STRATIS CORP., the debtor and debtor-in-possession ("Debtor"), hereby jointly with TOMMT STRATEGAKIS ('TOMMY") proposes this plan of reorganization (the "Plan") under chapter 11 of the Bankruptcy Code.   Capitalized terms used in the Plan shall have the respective meanings set forth in Article I below, or as such terms may be defined elsewhere in the Plan.

The Court has granted the Debtor's motion to extend its exclusive period to propose a Plan.  The Debtor reserves the right to amend this Plan up to and through its approval.

**SUMMARY**

This Plan contemplates payment in full of all creditors with valid undisputed claims on either of the following terms (i) pursuant to the terms of the agreement between the Debtor and the creditor if any or (ii) payment in full on the Effective Date (or within 15 days after approval of the Plan).  A full reserve will be established for creditors with disputed claims.

The Plan provides for four classes of creditors:  Priority Tax Claims, Secured Tax Claims, Unsecured Claims and Equity Holders.   There are no impaired classes under the Plan.  As such, creditors are not entitled to vote on the Plan.  Because no creditors are impaired, a Disclosure Statement is not required.

All creditors and holders of an equity interest should refer to Articles III through VI of the Plan for information regarding the precise treatment of their Claim.  Because no creditors will be impaired under the Plan, a disclosure statement is not necessary.  Notwithstanding, the Debtor may file and serve one.

**YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**ARTICLE I**

<u>Definitions</u>

"Administrative Claim" means a Claim of the type described in section 503(b) of the Code and any fees and charges assessed against the estate under title 28, United States Code.

"Allowed" when used in reference to a Claim, means a Claim, or any portion thereof, (a) that is a Scheduled Claim, which has not been or will not be the subject of a timely objection by any party in interest or amended by the Debtor, (b) for which a proof of claim has been filed with the clerk of the Court on or before the date designated by the Court for the filing of such Claim, which Claim has not been nor will not be the subject of a timely objection by the Debtor or any other party in interest or (c) that is allowed pursuant to a Final Order.

"Assets" means all, or a portion, of the property of the Debtor's estate as defined in section 541

of the Code.

"Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as amended from time to time.

"Business Day" means any day except Saturday, Sunday or a holiday on which commercial banks in New York City are authorized to close.

"Claim" means a claim against the Debtor within the meaning of section 101(5) of the Code.

"Class" means a group of Claims which are substantially similar and are classified together pursuant to the Plan.

"Confirmation" means confirmation of the Plan pursuant to section 1129 of the Code.

"Confirmation Date" means the date on which the Confirmation Order is entered.

"Confirmation Order" means the order of the Court confirming the Plan pursuant to section 1129 of the Code.

"Court" means the United States Bankruptcy Court for the Southern District of New York (or any other court with jurisdiction over the Debtor's chapter 11 case).

"Disputed" means, when referring to a Claim, a Claim that is, or has been, the subject of an objection by the Debtor or any party in interest and has not been Allowed.

"Effective Date" means the first Business Day of the month that begins at least 30 days after the Confirmation Date and on which no stay of the Confirmation Order is in effect.

"Filing Date" means October 2, 2018 the date the Debtor filed for chapter 11 relief.

"Final Order" means an order of the Court which has not been reversed, stayed, modified or amended and as to which (a) any right to appeal or seek certiorari, review or rehearing has been waived or (b) the time to appeal or seek certiorari, review or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending.

"Interest" means 100% of the issued and outstanding common stock of the Debtor.

"IRS" means the Internal Revenue Service of the United States of America.

"Lien" means any mortgage, lien, pledge, charge, security interest or encumbrance of any kind with respect to an interest in property.

"NYS" means New York State Department of Taxation and Finance.

"Priority Tax Claim" means any Claim entitled to priority under section 507(a)(8) of the Bankruptcy Code.

"Reorganized Debtor" means the Debtor on and after the Effective Date.

"Scheduled Claim" means a Claim that is listed by the Debtor in the Schedules, but is not listed therein as contingent, unliquidated or disputed and which has not been superseded by a proof of Claim filed timely with the clerk of the Court.

"Schedules" means the schedules of assets and liabilities filed by the Debtor with the clerk of the Court pursuant to Bankruptcy Rule 1007, as such schedules may be amended, modified and supplemented from time to time.

"Secured Tax Claim" means any Claim secured by a Lien on the Assets.

"Unsecured Claim" means any Claim excluding any Secured Claim, Priority Claim, and Administrative Claim.

All rules of construction contained in section 102 of the Code apply in the construction of the Plan.

## ARTICLE II

### Classification of Claims

Pursuant to section 1123(a)(1) of the Code, all Claims (other than Administrative Claims) and the Interest are placed in Classes.

**Class 1 – Secured Tax Claim against the Debtor**

Class 1 - Class 1 consists of the Secured portion of the IRS Claim against the Debtor.

**Class 2 - Priority Tax Claims**

Class 2: Class 2 consists of all Priority Tax Claims against the Debtor of NYS and the IRS.

**Class 3 - Unsecured Claims**

Class 3: Class 3 consists of all Unsecured Claims including the unsecured portion of any Secured Claim

**Class 4 - Equity Interest**

Class 4:  Class 4 consists of Equity Interests.

ARTICLE III

**Treatment of Classes of Claims and Interest**

The treatment of Classes of Claims and the Interest under the Plan is as follows:

**Class 1** –   The Debtor shall satisfy the secured liability owed to the IRS in cash in full on the Effective Date.    Class One claims are not impaired under the Plan.

**Class 2** - Allowed Class 2 Priority Tax Claims shall be paid in cash in full to the IRS and NYS on the Effective Date.  Class 2 Claims are not impaired under the Plan.

 **Class 3** B. Allowed Class 3 Claims shall be paid in cash, in full, on the Effective Date.  Class 3 Claims are not impaired under the Plan.  Disputed Class 3 Claims shall be reserved for and a reserve shall be established on the Effective Date.

**Class 4** B The holders of the Class 4 Claims shall not retain their Interests.  The Class 4 Claims are impaired under the Plan.   However, upon information and belief, the holders of Class 4 interests have consented to their treatment under this plan.

ARTICLE IV

**Treatment of Administrative and Priority Claims**

> Allowed Administrative Claims arising from professional services rendered to the Debtor by its attorneys including the expenses of such attorneys shall be paid, in full, in cash, on the later of (a) the Effective Date or (b) the date on which such Administrative Claim is Allowed pursuant to a Final Order, unless the holder of such Allowed Administrative Claim has agreed to a less favorable treatment.  Administrative Claims arising from the ordinary course of the Debtor's post-petition operations shall be paid on the Effective Date, or in accordance with the terms of such Administrative Claims, if later, unless the Holder of such Administrative Claim has agreed to a less favorable treatment.

> In addition, fees owed to the United States Trustee or other fees arising under the Code or in respect of the Debtor's chapter 11 case that are unpaid as of the Effective Date, if any, shall be paid, in full, in cash, on the Effective Date.

> The Debtor shall make all of the foregoing payments.

## ARTICLE V

### Means For Execution Of The Plan

Payments to creditors under the Plan will be made by the Debtor from funds contributed by Tommy who is refinancing the mortgage on the premises from which the Debtor operates as well as funds realized from the Debtor's business operations following the Effective Date, and/or (c) funds contributed or loaned by equity holders.

Professional fees for services rendered by the Debtor's attorneys subsequent to the Effective Date in connection with the Plan or the Debtor's chapter 11 case, and reimbursement of expenses relating to such services, may be paid by the Debtor without prior Court approval. To the extent that section 1123(a)(6) of the Code is applicable,

### Allowance and Disallowance of Claims

The Debtor may file an objection to a Claim up until 90 days after the Confirmation Date thereby causing the Claim to be a Disputed Claim. No distribution shall be made on account of a Disputed Claim unless all or a portion of such Claim is subsequently Allowed. After the Confirmation Date, the Debtor shall have the power and authority to settle and compromise a Disputed Claim without Court approval or compliance with Bankruptcy Rule 9019.

The Debtor has reviewed the Claims and does not anticipate interposing any objections except for the claim of Gasland Petroleum which it intends to object to.

## ARTICLE VI

### Executory Contracts And Leases

Unless the Debtor has rejected an executory contract or unexpired lease, or filed an application to reject such contract or lease, prior to the Confirmation Date, the Debtor shall assume all executory contracts and unexpired leases as of the Confirmation Date pursuant to section 365 of the Code. The Debtor shall cure all monetary defaults under any executory contract or lease that is to be assumed in accordance with terms and conditions that are either (a) agreed to by the non-Debtor party to the executory contract or lease or (b) determined by the Court.

### ARTICLE VII
### Miscellaneous Matters

**Modification** - The Debtor reserves the right to amend or modify the Plan to the full extent permitted by law.

**Payments** - Whenever any payment under the Plan shall be due on a day other than a Business Day, such payment shall be made on the next following Business Day.  Partial pre-payments by the Debtor under the Plan shall be applied against the payments in the inverse order of their due date.

**Severability** - If any provision of this Plan is determined to be unenforceable, such determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**Binding Effect** - The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**Captions** B The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

### Operating Statements

Subsequent to the effective date the Debtor shall file with the court post confirmation status reports detailing its progress for the final decree in the matter.  Status reports shall be filed on or before 1/15 4/15 7/15 and 10/15 of each year until a final decree is entered closing the case.

### ARTICLE VIII

### Retention Of Jurisdiction

The Court shall retain exclusive jurisdiction for the following purposes:

(a) to determine all objections to Claims;

(b) to permit amendments to the Schedules;

(c) to determine all Administrative Claims including, without limitation, applications for the allowance of compensation and reimbursement of expenses, provided that applications for allowance of compensation and reimbursement of expenses shall be filed within 60 days after the Confirmation Date;

(d) to estimate all Disputed Claims:

(e) to determine all applications and adversary proceedings pending on the Effective Date or filed or commenced within 90 days thereafter;

(f) to determine all disputes concerning the interpretation of the Plan and to correct any defect, cure any omission, reconcile any inconsistency in the Plan;

 (g) to enforce any orders entered in connection with the Debtor's chapter 11 case including the Confirmation Order;

 (h) to enter such orders as may be necessary or appropriate in aid of Confirmation and to facilitate the Plan;

 (i) to enter orders relating to the assumption or rejection of executory contracts and unexpired leases;

 (j) to modify the Plan to the full extent permitted by the Code;

 (k) to determine such other matters as may be provided for in the Confirmation Order;
#
 (l) to enter an order converting or dismissing this case in the event of a default under the Plan; and

 (m) to enter a Final Order closing the Debtor's chapter 11 case.

**ARTICLE IX**

**Effect of Confirmation**

Following the Confirmation Date, the Plan shall bind the Debtor and all holders of Claims and the holder of the Interest, whether or not said holders are impaired under the Plan and whether or not said holders have accepted the Plan, and all rights of such holders shall be governed by the Plan. Except as otherwise provided in the Plan, on the Effective Date, all Assets shall be held by the Debtor free and clear of all Claims and Liens.

As provided in Bankruptcy Code § 1141(d)(3), the Plan does not grant the Debtor a discharge.  Notwithstanding the foregoing, except as otherwise provided herein, (1) the rights afforded in the Plan and the treatment of all Claims and Equity Interests shall be in exchange for and in complete satisfaction, discharge and release of such Claims and Equity Interests of any nature whatsoever, including any interest accrued on the Claims from and after the Petition Date, against the Debtor, or any of its assets or properties and (2) all persons shall be precluded from asserting against the Debtor, or any of its Assets or properties any other or further Claims or Equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred before the Confirmation Date, except as otherwise provided in the Plan.

Dated: July 29, 2019

/s/ Anne Penachio, counsel for the Debtor